**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**EASTERN DIVISION**

| | |
|---|---|
| JOSE LUIS FERNANDEZ GOMEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN et al.,<br>Respondents. | Case No. 5:26-cv-06005-DFM<br><br>ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

Petitioner Jose Luis Fernandez Gomez, a citizen of Mexico, has been detained at the Adelanto ICE Processing Center since September 25, 2026, when immigration officers looking for a different man with the same name arrested him in Riverside. He petitions for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release or, alternatively, a prompt custody hearing. See Dkt. 1 ("Petition") at 38-40. Respondents agree that Petitioner is detained under 8 U.S.C. § 1226(a) and may obtain a bond hearing before an immigration judge ("IJ"), but argue that relief should be limited to such a hearing and that the Petition is unexhausted. See Dkt. 7 ("Response") at 2-3. Petitioner replied. See Dkt. 9 ("Reply").

For the reasons set forth below, the Petition is **GRANTED** in part, and Respondents are ordered to provide Petitioner a custody redetermination hearing before an IJ within seven (7) days or release him. The Petition is otherwise **DENIED**.

## II. BACKGROUND

Petitioner alleges that he entered the United States without inspection and has lived here for more than two decades with his wife and four children, two of them United States citizens. See Petition ¶¶ 2-3, 50-53. The Form I-213 records that in January 2001 he was apprehended near Blythe, California, admitted entering without inspection, and was granted voluntary return to Mexico. See Response, Ex. A ("Form I-213") at 3; Reply at 7.

On September 25, 2026, an ICE Fugitive Operations Team set out to arrest a person named Jose Luis Fernandez-Gomez, a 47-year-old Mexican citizen "with an at-large outstanding removal order." Form I-213 at 2. At about 8:00 a.m., officers stopped Petitioner's truck on South Buchanan Street. See id. at 2-3. Petitioner identified himself and said that he had no documents allowing him to remain in the United States. See id. at 3. The Form I-213 states that a supervisor authorized a Form I-200 warrant "at 0630 hours" and that officers then took Petitioner into custody. See id. After transport to the San Bernardino sub-office, officers determined that he "was not the target of the operation." Id. ICE then served him with a Notice to Appear charging him as present without admission or parole. See id.

The Form I-200 names Petitioner and his A-number, is signed by a supervisory detention and deportation officer, and bears the notation "0630." See Response, Ex. B ("Form I-200"). It checks three bases for probable cause, including execution of a charging document and statements by the subject "and/or other reliable evidence," and records service at 8:05 a.m. See id. At 11:14 a.m., the same officer issued a Notice of Custody Determination

ordering Petitioner detained. See Response, Ex. C ("Form I-286"). Petitioner checked the box stating, "I do request an immigration judge review of this custody determination." Id.

Petitioner was scheduled for a master calendar hearing on October 14, 2026. See Petition ¶ 80. According to the immigration court's records, of which the Court takes judicial notice, an IJ ordered Petitioner's removal proceedings dismissed on October 21, 2026, and any appeal is due by November 20, 2026. See Fed. R. Evid. 201(b)(2), (c)(1); see also https://acis.eoir.justice.gov/en/ (search A-Number: "222-570-765," Nationality: "Mexico") (last accessed October 27, 2026). The record does not show whether Petitioner's Form I-286 request reached the immigration court or whether a custody redetermination hearing has been scheduled or held.

## III. DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); see also Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

### A. Detention Authority and Exhaustion

The parties agree that § 1226(a) governs Petitioner's detention. See Response at 2; Reply at 6-7; see also Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026). Respondents do not invoke § 1226(c).

Respondents argue that, to the extent Petitioner has not requested a bond hearing, he has not exhausted his administrative remedies. See Response at 2. Exhaustion is prudential here. See Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011). Courts may waive it where, among other things, "administrative remedies are inadequate or not efficacious" or "irreparable injury will result." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004)

(citation omitted). Errors that lie "outside the BIA's ken" need not be exhausted. Liu v. Waters, 55 F.3d 421, 426 (9th Cir. 1995).

Respondents' own exhibit shows that Petitioner requested IJ review on the day of his arrest. See Form I-286. Petitioner acknowledges that the checkbox may not itself be an application to the immigration court, which may be made orally or in writing. See Reply at 18; 8 C.F.R. § 1003.19(b), (c)(1). The Court need not resolve that question. Petitioner did what Respondents' form invited him to do, the relief ordered below is the administrative hearing itself, and requiring him to begin again would only delay review that Respondents agree he may have. To the extent exhaustion is required for his custody claim, it is excused.

**B. Count One: The Arrest**

Count One alleges that ICE arrested Petitioner without a warrant and without the likelihood-of-escape determination 8 U.S.C. § 1357(a)(2) requires for a warrantless arrest. See Petition ¶¶ 123-136. Petitioner no longer contends that no warrant document existed. He challenges the warrant's factual basis and its application to him, because the officers were looking for someone else. See Reply at 2-4, 13-16. The record leaves those questions open, as two of the warrant's checked bases describe events the Form I-213 places later in the morning, and at 6:30 a.m. officers were pursuing a different person. See Form I-213 at 2-3; Form I-200. These features may have an explanation, and the Court makes no finding either way.

The Court need not decide whether a valid warrant authorized the initial seizure, because the answer would not change the relief available. "[I]f sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 158 (1923) (quotation omitted) (applying that rule to a contention that the warrant had issued without

probable cause); see also INS v. Lopez-Mendoza, 468 U.S. 1032, 1039-40 (1984). Sufficient ground for Petitioner's present detention appears here. He acknowledges that he entered without inspection, see Petition ¶ 50; the Notice to Appear placed him in removal proceedings, see Form I-213 at 3; the IJ's October 21, 2026 dismissal of those proceedings is not final while the time to appeal remains open, see 8 C.F.R. § 1003.39; section 1226(a) authorizes detention "pending a decision on whether the alien is to be removed from the United States," 8 U.S.C. § 1226(a); and ICE made an individualized custody determination on the date of Petitioner's arrest, see Form I-286. Petitioner recognizes this limit. See Reply at 28-29 ("Petitioner therefore recognizes that the present record may support a remedy narrower than unconditional immediate release.")

This record differs from Sanchez Marquez v. Warden, No. 26-05368, 2026 WL 2948874, at *6-7 (C.D. Cal. Oct. 1, 2026), which ordered release where the government's evidence confirmed a warrantless arrest and no initial custody determination was made. Petitioner also does not contend that the Vasquez-Perdomo injunction "necessarily resolves" his individual remedy. Petition ¶ 112. Count One is denied; the Court does not decide whether the initial seizure was lawful.

### C. Count Two: Initial Custody Determination

Count Two alleges that Respondents made no initial custody determination. See Petition ¶¶ 137-145. The Form I-286 shows that a supervisory officer ordered Petitioner detained about three hours after the arrest, and Petitioner acknowledges the document. See Form I-286; Reply at 18. To the extent Count Two questions the adequacy of that assessment, the hearing ordered below provides an independent determination by a neutral decisionmaker. Count Two is denied.

### D. Count Three: Due Process

Count Three alleges that Respondents deprived Petitioner of established liberty without adequate process. See Petition ¶¶ 146-164.

Petitioner relies on this Court's decision in Ren v. Mullin, No. 26-5471, 2026 WL 2969098 (C.D. Cal. Oct. 2, 2026). See Reply at 19-21. Ren found a protected interest because the Government had admitted the petitioner after inspection and then left her at liberty after her authorized stay expired, and the arresting officer had recorded that she did not appear to be a flight risk or a danger. See Ren, 2026 WL 2969098, at *3-4. Neither circumstance is present here. Petitioner entered without inspection and was never admitted or released by immigration authorities, and the Form I-213 contains no comparable assessment.

The Ninth Circuit, assuming that the balancing test of Mathews v. Eldridge, 424 U.S. 319, 335 (1976), applied, has held that § 1226(a)'s procedures, including an IJ hearing at which the detainee bears the burden by a preponderance, satisfy due process facially and as applied to that petitioner. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197, 1210-13 (9th Cir. 2022). That holding left room for other as-applied challenges, see id., but Petitioner identifies nothing that calls for more than the process § 1226(a) provides, and he concedes that he bears the burden at an ordinary initial hearing. See Reply at 34.

The Mathews factors confirm the point. Petitioner's interest in freedom from detention is substantial. But the mistaken-target operation concerned whom the officers were looking for, not whether Petitioner is removable, which he does not dispute. The remaining risk is that he will be detained when neither flight nor danger justifies it, which is the risk an IJ custody redetermination addresses. A prompt post-arrest hearing serves the

Government's legitimate enforcement interests at modest cost. Count Three is denied to the extent it seeks release or a pre-deprivation hearing.

**E. Count Four: Continued Custody and Remedy**

Count Four alleges that Petitioner remains in custody without any individualized determination by a neutral decisionmaker. See Petition ¶¶ 165-172. "[A] detainee may request a bond hearing before an IJ at any time before a removal order becomes final." Rodriguez Diaz, 53 F.4th at 1197. Respondents concede that Petitioner "appears to be entitled to request and receive an initial bond hearing." Response at 2. He asked for that review on September 25, 2026, and the record shows none a month later. The IJ's October 21, 2026 dismissal of Petitioner's removal proceedings does not make that review unnecessary. The dismissal is not final while an appeal remains available, see 8 C.F.R. § 1003.39, and an IJ may redetermine custody "[p]rior to such final order," 8 C.F.R. § 1236.1(d)(1). Whether the dismissal bears on flight risk or danger is a question for the IJ in the first instance. If Respondents contend that Petitioner is now detained under authority other than § 1226(a), the Order below addresses that contingency. The Court therefore orders a hearing within seven (7) days, with release if none is held on the merits. If an IJ has already ruled, Respondents may file notice, and any challenge to that ruling must proceed through the administrative process. See Leonardo, 646 F.3d at 1160.

At the hearing, Petitioner must show by a preponderance of the evidence that he is neither a flight risk nor a danger to the community. See Rodriguez Vazquez, 183 F.4th at 1167; Rodriguez Diaz, 53 F.4th at 1197. His request that the Government bear a clear-and-convincing burden is denied. See Rodriguez Diaz, 53 F.4th at 1210-13. If the IJ considers a monetary bond, the IJ must consider Petitioner's financial circumstances and alternative conditions of release. See Hernandez v. Sessions, 872 F.3d 976, 990-91 (9th Cir. 2017).

## IV. ORDER

For the foregoing reasons, IT IS ORDERED that:

1. The Petition (Dkt. 1) is **GRANTED** in part as to Count Four and is otherwise **DENIED**. Counts One, Two, and Three are **DENIED**.

2. Within seven (7) days of the date of this Order, Respondents must provide Petitioner Jose Luis Fernandez Gomez (A# 222-570-765) an individualized custody redetermination hearing before an IJ under 8 U.S.C. § 1226(a) and 8 C.F.R. §§ 236.1(d)(1) and 1003.19.

3. If a hearing has not been held on the merits by the end of the seventh (7th) day after the date of this Order, for any reason, Respondents must release Petitioner by the end of that day, subject to any lawful conditions of release under 8 U.S.C. § 1226(a)(2).

4. Paragraphs 2 and 3 do not apply if, within three (3) court days of the date of this Order, Respondents file a notice, with supporting records, showing that an IJ has already ruled on the merits of a custody redetermination request by Petitioner made after September 25, 2026.

5. If Respondents contend that Petitioner is detained under authority other than 8 U.S.C. § 1226(a), they must file, within three (3) court days of the date of this Order, a statement identifying that authority, with supporting records. The deadlines in paragraphs 2 and 3 are then suspended, and the Court will promptly determine whether the asserted authority supports Petitioner's detention and set any further deadlines.

///

///

///

///

6. Respondents must file a status report no later than the next court day after the hearing is held, Petitioner is released, the notice under paragraph 4 is filed, or the statement under paragraph 5 is filed, stating which occurred and the result of any hearing.

7. The Court retains jurisdiction to enforce this Order.

Date: October 27, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge